# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **USTAAD SYSTEMS, INC.,** | : | **CIVIL ACTION NO. 1:09-CV-1149** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **iCAP INTERNATIONAL CORP.** | : | |
| **t/b/d/a CAP COMPUTER** | : | |
| **CONSULTANTS, INC. and** | : | |
| **CARLOS AGUADO**, | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 12th day of October, 2010, upon consideration of the motion for reconsideration (Doc. 21), filed by defendant Cap Computer Consultants, Incorporated ("CCC") and its president and sole shareholder, defendant Carlos Aguado ("Aguado") (collectively, "defendants"), wherein defendants seek reconsideration of the memorandum and order of court (Doc. 20) dated July 16, 2010 (hereinafter "the July 16 order") on the grounds that the July 16 order should have granted defendants' motion to dismiss the claim for unjust enrichment brought against Aguado individually,[1] and it further appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d

---

[1] On June 22, 2009, defendants filed a motion to dismiss counts three, five, and six of the complaint for failure to state a claim upon which relief may be granted. In its July 16 order, the court dismissed counts five and six but denied defendants' motion with respect to count three, a claim against Aguado for unjust enrichment. In the pending motion, defendants seek reconsideration of the portion of the court's order denying their motion to dismiss count three.

Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), and the court concluding that the allegations raised by plaintiff USTAAD Systems, Incorporated ("USTAAD"), when considered in the light most favorable to USTAAD, are sufficient to state a claim for unjust enrichment,[2] and the court further concluding that defendants have not demonstrated that the July 16 order contains a manifest error of law or fact,[3] and that their motion for reconsideration merely seeks to

---

[2] The court's reasons supporting this conclusion are set forth in Part III.B of its memorandum dated July 16, 2010. (Doc. 20 at 9-11).

[3] Defendants contend that the court relied upon inapposite cases when it applied the participation theory of liability to USTAAD's unjust enrichment claim. Under the participation theory, an individual officer of a corporation is personally liable for misconduct in which he or she actually participated. See Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 90 (Pa. 1983); Parker Oil Co. v. Mico Petro & Heating Oil, LLC, 979 A.2d 854, 856 (Pa. Super. Ct. 2009) (explaining that a corporate officer "can be found individually liable on a 'participation' theory[,]" which "means that [the officer] participated in some kind of misfeasance."). Pennsylvania courts have applied the participation theory of liability to tort claims against corporate officers, but according to defendants, "[t]here is nothing suggesting that the participation theory is applicable to a quasi-contractual claim, such as unjust enrichment." (Doc. 22 at 6). This argument fails to establish manifest error. Defendants have not presented any controlling precedent indicating that the participation theory *cannot* apply to an unjust enrichment claim, and the court is not aware of such precedent. Although the participation theory is sometimes articulated with reference to "commission of a tort," Wicks, 470 A.2d at 90, the court finds it significant that the theory has also been articulated in broader terms, e.g., "misfeasance," Parker Oil, 979 A.2d at 856. Hence, the court finds no error in its conclusion that USTAAD's unjust enrichment claim should survive defendants' motion to dismiss.

2

relitigate a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion for reconsideration (Doc. 21) is DENIED.

     S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge